UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LANCE GOODE | : | NO.: 3:12-cv-00754-JBA |
| | : | |
| v. | : | |
| | : | |
| ROGER G. NEWTON, ET AL | : | NOVEMBER 16, 2012 |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS, CITY OF NEW LONDON, LAWRENCE M. KEATING, WAYNE P. NEFF, DAVID McELROY AND KYLE GORRA'S MOTION TO DISMISS COUNTS FOUR, SIX, EIGHT, AND NINE OF PLAINTIFF'S AMENDED COMPLAINT**

**I.     INTRODUCTION**

The Defendants, City of New London (hereinafter "City), Lawrence M. Keating (hereinafter "Keating"), Wayne P. Neff (hereinafter "Neff"), David McElroy (hereinafter "McElroy") and Kyle Gorra (hereinafter "Gorra") (collectively the "City Defendants"), respectfully submit this Reply Memorandum in response to Plaintiff's Opposition to their Motion to Dismiss Counts Four, Six, Eight and Nine of Plaintiff's Amended Complaint, dated September 7, 2012.  As is more fully set forth below Counts Four, Six, Eight, in part and Nine of Plaintiff's Amended Complaint should be dismissed because: (1) The pleading standard set forth in *Iqbal* applies to §1983 claims, specifically *Monell* claims; (2) Counts Four and Six fail to set forth a cause of action under *Monell* and its progeny; (3) Count Eight should be dismissed in part because no cause of action exists under Section 4 and 20 of the Connecticut Constitution; and (4) Count Nine should be dismissed because Plaintiff has failed to allege a cause of action under Article First of the Connecticut Constitution.

1

### A. The Pleading Standard Set forth in *Iqbal/Twombly* is Applicable to Plaintiff's Claims Brought Contained in Counts Four and Six

It is beyond question that the pleading standard set forth in *Iqbal/Twombley* applies to §1983 claims as *Iqbal* itself was a claim filed under 42 U.S.C. §1983. In fact, the Supreme Court in *Iqbal* explicitly stated that the decision in *Twombly* "expounded the pleading standard for "all civil action and it applies to antitrust and discrimination suits alike." *Ashcroft v. Iqbal*, 556 U.S. 662, 684, 129 S. Ct. 1937, 1953, 173 L. Ed. 2d 868 (2009). Thus, the issue presented is whether this pleading standard applies to *Monell* claims. It is only logical to extend such claims to *Monell* claims as has already been done in this jurisdiction. Plaintiff is correct that *Leatherman* has not been directly overruled, but it does not follow that *Iqbal* did not impose a plausibility pleading requirement for all claims in the Federal courts. *See Iqbal*, 556 U.S. at 684. As an initial matter, *Leatherman* merely stands for the proposition that under the federal pleading standard set forth by the Supreme Court in *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Court held that under this standard a heightened pleading standard applied specifically to *Monell* claims. In *Leatherman,* the court stated:

> We think that it is impossible to square the "heightened pleading standard" applied by the Fifth Circuit in this case with the liberal system of "notice pleading" set up by the Federal Rules. Rule 8(a)(2) requires that a complaint include only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), we said in effect that the Rule meant what it said:
>
> [T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.,* at 47, 78 S.Ct., at 103

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168, 113 S. Ct. 1160, 1163, 122 L. Ed. 2d 517 (1993).

However, it is beyond doubt that the Supreme Court has modified the pleading standard in all claims in its decisions in *Iqbal* and *Twombley*. This jurisdiction has recognized the applicability of *Iqbal* to *Monell* claims. A review of analysis reveals that this jurisdiction has unequivocally applied the pleading standard set forth in *Iqbal* to *Monell* claims. *See Lewis v. City of W. Haven*, 3:11CV1451 VLB, 2012 WL 4445077 (D. Conn. Sept. 25, 2012).

There is an abundance of support from other jurisdictions as well. While neither *Iqbal* nor *Twombly* overruled *Leatherman,* the pleading standard for *Monell* claims also appears to have been modified in the Ninth Circuit.

In *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir.2011), *cert. denied,* ––– U.S. ––––, 132 S.Ct. 2101, 182 L.Ed.2d 882 (2012), the Ninth Circuit considered the impact of *Iqbal* and *Twombly,* and concluded that a pleading of municipal liability "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and that the facts must "plausibly suggest an entitlement to relief." *Id.* at 1216 (citations omitted); *see also AE ex rel. Hernandez v. County of Tulare,* 666 F.3d 631, 636–38 (9th Cir.2012) (noting impact of recent Supreme Court decisions, including *Twombly/Iqbal,* on pleading standards, and applying *Starr* to municipal liability claims, holding that "plausible facts supporting a policy or custom ... could ... cure[ ] the deficiency in [a] Monell claim"). *See also Brown v. Contra Costa County*, C 12-1923 PJH, 2012 WL 4804862 (N.D. Cal. Oct. 9, 2012) (attached hereto as **Exhibit A**).

Plaintiff cites to a March 8, 2010 decision from the Northern District of Illinois to support his position however, that district too, has more recently refused to disregard *Iqbal* in the context

3

of *Monell* claims.  In *Mannix v. Humer*, 10 C 5063, 2011 WL 116888 (N.D. Ill. Jan. 11, 2011), appeal dismissed (July 6, 2012) (attached hereto as **Exhibit B**).

> The Court recognizes, however, that the "old formula—that the complaint must not be dismissed unless it is beyond doubt without merit—was discarded by the *Bell Atlantic* decision." *Limestone Dev. Corp. v. Vill. of Lamont,* 520 F.3d 797, 803 (7th Cir.2008) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Following *Bell Atlantic,* a complaint will survive a motion to dismiss only when the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* ––– U.S. ––––, ––––, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quotation marks and citations omitted).

*Id*. at *4.

The case relied on by Plaintiff, *Castilla v. City of New York*, 09 CIV. 5446 SHS, 2012 WL 3871517 (S.D.N.Y. Sept. 6, 2012) is easily distinguishable.  As an initial matter, *Castilla* was a 12(c) motion. While employing the same standard, the ramifications of granting such a motion is drastically different.  The allegations of *Castilla* included:  *Castilla*, alleged a string of incidents in which she was repeatedly victimized by multiple officers in multiple locations, both on and off City property.  *Id.* at *7.  The Plaintiff in *Castilla* also alleged various other instances of male police officers taking sexual advantage of females under their custody or control.  *Id*.  Thus, Plaintiff in that case identified specific instances of a specific type of misconduct to satisfy a failure to train claim under *Monell*.  To that end, the allegations of *Lewis* were much more similar to those of the instant case and based on those allegations, Judge Bryant dismissed the Plaintiff's claims.  *Lewis v. City of W. Haven*, 3:11CV1451 VLB, 2012 WL 4445077 (D. Conn. Sept. 25, 2012).  The allegations in *Lewis* were summarized as follows:

> Lewis conclusory alleges that Karajanis failed or refused to promulgate guidelines, regulation, policies, practices or customs" regarding (i) "the arrests of

person by police officers of the West Haven Police Department;" (ii) the use of force against persons by police officers of the West Haven Police Department;" (iii) "the training of Police Officer Bloom and Police Officer Wolf in the performance of their duties and conduct towards persons;" and (iv) the training of "Police Officer Bloom in the proper use, control and/or command of Onyx.

In the instant case Plaintiff merely alleges a failure to train in regards that includes "arbitrary motor vehicle stops," "arbitrary detentions," "arbitrary stops and investigations" and arbitrary arrests of persons done without probable cause." (**Am. Compl., Count Four, ¶¶31(A)-(D)**). To hold this as sufficiently stating a claim under *Monell* would be to completely disregard *Iqbal*. Such generic allegations, surely, do not meet the plausibility pleading standard. *Iqbal*, 556 U.S. at 684. This is especially apparent when the overwhelming basis for such allegations is unsubstantiated complaints that postdate the Plaintiff's allegations in the instant case. Here, Plaintiff simply seeks to conduct a fishing expedition through discovery in an attempt to craft a Complaint after discovery has been conducted. This should not be allowed.

Plaintiff relies greatly on *Thomas v. City of Galveston, Texas*, 800 F. Supp. 2d 826, 842 (S.D. Tex. 2011). Indeed, even Courts within Texas have disagreed with the court's rationale in *Thomas*. *See, e.g., Wright v. City of Dallas,* 2010 WL 3290995, at *2–4 (N.D.Tex. July 19, 2010) (attached hereto as **Exhibit C**). Thus, if there is an outlier, it is certainly *Thomas*. For these reasons, the Defendant's posit that the cases cited by are either distinguishable or wrongly decided and based on a fundamental misunderstanding of the Supreme Court's dictates in *Iqbal*.

> **B.** **Count Four Fails to State a Claim Under the Pleading Standard Set Forth in *Iqbal***

Even assuming *arguendo* that this Court is inclined to reject the reasoning of this district and to follow the rationale of other districts, Plaintiff's allegations in Count Four still fail. The

Second Circuit has identified three requirements that must be satisfied before a municipality's failure to train or supervise constitutes deliberate indifference:

> First, the plaintiff must show that a policymaker knows 'to a moral certainty' that her employees will confront a given situation.... Second, the plaintiff must show that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation.... Finally, the plaintiff must show that the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights.

*Martinez v. City Of Hartford*, 3:07 CV 1778 AWT, 2011 WL 572392 (D. Conn. Feb. 15, 2011) (attached hereto as **Exhibit D**); (*citing Jenkins v. City of New York,* 478 F.3d 76, 94 (2d Cir.2007) (internal quotation marks omitted; citation omitted).

The "deficiencies" identified by Plaintiff in the instant case do not meet the requirements that have been set forth **in this district**. Plaintiff attempts to allege a deficiency in the City's training program that includes "arbitrary motor vehicle stops," "arbitrary detentions," "arbitrary stops and investigations" and arbitrary arrests of persons done without probable cause." (**Am. Compl., Count Four, ¶¶31(A)-(D)**). Plaintiff clearly has not met the elements set forth in *Jenkins*. To afford any credence to Plaintiff's argument, and adequacy of his Amended Complaint, the Court would need to hold that police officers must make a difficult choice when confronted with a situation of whether or not they should arrest, stop or detain citizens without probable cause. This is simply illogical, and does not encompass the theory of *Monell* and its progeny. There is also not a history of employees mishandling any of the situations where the training is alleged to be sufficient, nor has Plaintiff alleged such a history. Indeed, Plaintiff's additional "facts" predominantly occurred subsequent to the conduct at issue in the instant case.

(**Am. Compl., Count Four, ¶¶ 32(a)-(b)**).  Thus, the Court cannot even draw an inference from Plaintiff's additional "facts" that such a history exists.

Additionally, Plaintiff's two further unrelated incidents contained in Paragraph 32 of Count Four, are precisely that - unrelated incidents.  In fact, they are more appropriately labeled, inadmissible propensity evidence.  *See* Fed. R. Evid. 404(b) (stating that evidence of other acts is "not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes such as impeachment).  *Outley v. City of New York,* 837 F.2d 587, 593 (2d Cir.1988).

Plaintiff's argument is essentially; "since there are two other officers who are accused of completely unrelated misconduct, the City has failed to train Newton."  This argument is unavailing.  Plaintiff posits that two unrelated incidents demonstrate a "systemic lack of training."  (**Pl's MOL p. 4**).  First, it is without reason that **two** accusations over the span of multiple years when numerous arrests have occurred creates a "systemic failure."  Second, Plaintiff concedes that these are unrelated accusations of misconduct (**Pl's MOL, p. 3**) which necessarily means that these allegations do not identify a **specific** deficiency in the City's training program.  *See Jenkins v. City of New York,* 478 F.3d at 94.

As a final point, Plaintiff argues that this court should view the allegations in the Amended Complaint "as a whole" in an effort to sustain its sufficiency (**Pl's MOL, p. 16**). Plaintiff also argues that the allegations against the City in Counts Four and Six will be tried "in one trial" and concluding that therefore Count Four should survive this motion to dismiss.  (**Id.**) Finally acknowledging the insufficiency, Plaintiff states that he will seek leave to amend his Amended Complaint to add these allegations.  (**Id.**).  Not only is this argument illogical but it has

no bearing on the Court's decision on this motion to dismiss. Whether Plaintiff will amend his Amended Complaint does not rescue it from insufficiency currently.[1] Thus, Defendants request that this Court dismiss Count Four of Plaintiff's Amended Complaint.

### C. Count Six Fails to State a Claim Under the Pleading Standard Set Forth in *Iqbal*

Defendants re-incorporate their arguments set forth above in Section (B) regarding the Plaintiff's failure to set forth a cause under *Monell*. Similarly, Count Six alleging liability for failure to train officer, Lynch, Neff, Keating, McElroy and Gorra must fail as Plaintiff has failed to identify a *specific* training deficiency or in fact any misconduct outside of his own allegations on the part of these defendants in order to sustain his failure to train claim under *Monell*. Again, Plaintiff attempts to allege a deficiency in the City's training program that includes "arbitrary motor vehicle stops," "arbitrary detentions," "arbitrary stops and investigations" and "arbitrary arrests of persons done without probable cause." (**Am. Compl., Count Six, ¶¶25(A)-(F)**). Put simply, there is no specific deficiency. Plaintiff alleges generally that individuals are being stopped or detained without probable cause, an extremely broad classification, and has provided no factual support for such an assertion.

Again, Plaintiff's additional "facts" of Count Six predominantly occurred subsequent to the conduct at issue in the instant case. (**Am. Compl., Count Six, ¶¶ 26(a)-(i)**).[2] In addition to those reasons as set forth above, Plaintiff essentially asks this Court to draw the conclusion that because the unrelated and unsubstantiated accusations that occurred over a period of several years contained in Paragraph 25 of the Plaintiff's Amended Complaint are against different New

---

[1] Defendants in no way concede that should Plaintiff amend his Amended Complaint in the manner he suggests that it will then be sufficient to state a claim under *Monell*.
[2] Plaintiff cites to the arrests of Donald and Andre Gilbert. It should be noted that these arrest arise from a single incident where Newton arrested both individuals.

London police officers, there must be a failure to train these officers. (**Pl's MOL, pp. 18-21**). Quite simply, this argument is without logic and should be rejected by this Court.

### D.  Count Eight Should Be Dismissed

Plaintiff concedes that Plaintiff's cause of action in Count Eight brought pursuant to Sections 4 and 20 of the Connecticut Constitution are deficient. Notwithstanding Plaintiff's representation to voluntarily amend his Complaint, this Count should be dismissed in part.[3]

### E.  Count Nine Should be Dismissed

Despite Plaintiff's contention to the contrary, there is no controlling authority which demonstrates that the Ninth Count states a cause of action under the Connecticut Constitution. Section 1983 claims and claims brought under the Connecticut courts have analyzed Section 1983 claims and claims brought under Sections 7 and 9 of the Connecticut Constitution analogously. *Carey v. Maloney,* 480 F.Supp.2d 548, 561 (D .Conn.2007)*; see also Zainc v. City of Waterbury,* 603 F.Supp.2d 368, 379 n. 3 (D.Conn.2009). Plaintiff fails to acknowledge this fact in his brief. Furthermore, the *Morales* decision did recognize that a cause of action existed pursuant to Sections nine and seven of the Connecticut Constitution but granted summary judgment as to certain defendants using an identical analysis to those of the plaintiff in *Morales'* Section 1983 claim. *Morales v. Town of Glastonbury*, 3:09-CV-713 JCH, 2012 WL 124582 (D. Conn. Jan. 17, 2012). To that end the case relied on by the Plaintiff, *Binette v. Sabo*, 244 Conn. 23, 710 A.2d 688 (1998) was decided well before *Iqbal*. Thus, as is discussed above, Plaintiff has failed to meet the standard for pleading a cause of action under the Connecticut constitution.

---

[3] Defendants do not waive any right to filing an objection to Plaintiff filing leave to amend his Complaint a second time

### III. **CONCLUSION**

Therefore, for all of the reasons contained herein, and in Defendants' Motion to Dismiss Plaintiff's Amended Complaint dated September 7, 2012 and supporting Memorandum, the Court should dismiss Counts Four, Six, Eight and Nine of Plaintiff's Amended Complaint.

>DEFENDANTS,
>CITY OF NEW LONDON, LAWRENCE M.
>KEATING, WAYNE P. NEFF, DAVID
>MCELROY and KYLE GORRA
>
>
>By___/s/ James M. Leva_____
>   Michael J. Rose [ct14803]
>   James M. Leva [ct28928]
>   Rose Kallor, LLP
>   750 Main Street, Suite 606
>   Hartford, CT  06103
>   (860) 748-4660
>   (860) 241-1547 (Fax)
>   E-Mail:  mrose@rosekallor.com
>              jleva@rosekallor.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing was filed electronically to the following counsel of record this 16th day of November, 2012. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Hope C. Seeley, Esq.
Santos & Seeley, PC
51 Russ Street
Hartford, CT  06106

Conrad Ost Seifert, Esq.
Seifert & Hogan
P.O. Box 576
Old Lyme, CT  06371

Elliot B. Spector, Esq.
Noble, Spector & O'Connor, PC
One Congress Street
Hartford, CT  06114

James Tallberg, Esq.
Kateryna Lagun, Esq.
Karsten & Tallberg, LLC
8 Lowell Road
West Hartford, CT 06119

                                                                /s/ James M. Leva
                                                               James M. Leva