# EXHIBIT D

2011 WL 572392
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
D. Connecticut.

Argenis MARTINEZ, Plaintiff,
v.
CITY OF HARTFORD, et al., Defendants.

Civil No. 3:07CV1778(AWT).   |   Feb. 15, 2011.

**Attorneys and Law Firms**

A. Paul Spinella, Law Offices of A. Paul Spinella & Associates, Hartford, CT, for Plaintiff.

Nathalie Feola–Guerrieri, City of Hartford, Office of the Corporation Counsel, Hartford, CT, Alan Raymond Dembiczak, Thomas R. Gerarde, Howd & Ludorf, Hartford, CT, for Defendant.

**Opinion**

### *RULING ON MOTION FOR SUMMARY JUDGMENT*

ALVIN W. THOMPSON, District Judge.

**\*1** Defendants City of Hartford and Chief Daryl K. Roberts ("Chief Roberts") have moved for summary judgment with respect to all of the plaintiff's claims against them. [1] The Third Count sets forth a claim for violations of 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments and Article First, §§ 7, 8 and 9 of the Connecticut Constitution against the City of Hartford and Chief Roberts in his official and individual capacities. [2] The Fourth Count sets forth claims against the City of Hartford pursuant to Conn. Gen.Stat. §§ 52–557n and 4–765. For the reasons set forth below, the motion for summary judgment is being granted as to the Third Count and denied as to the Fourth Count.

## I. LEGAL STANDARD

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law. Fed.R.Civ.P. 56(c). *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986); *Gallo v. Prudential Residential Servs.,* 22 F.3d 1219, 1223 (2d Cir.1994). When ruling on a motion for summary judgment, the court may not try issues of fact, but must leave those issues to the jury. *See, e.g., Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986); *Donahue v. Windsor Locks Bd. of Fire Commis,* 834 F.2d 54, 58 (2d Cir.1987). Thus, the trial court's task is "carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined ... to issue-finding; it does not extend to issue-resolution." *Gallo,* 22 F.3d at 1224.

Summary judgment is inappropriate only if the issue to be resolved is *both* genuine *and* related to a material fact. Therefore, the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. An issue is "genuine ... if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248 (internal quotation marks omitted). A material fact is one that would "affect the outcome of the suit under the governing law." *Anderson,* 477 U.S. at 248. Only those facts that *must* be decided in order

Martinez v. City Of Hartford, Not Reported in F.Supp.2d (2011)

to resolve a claim or defense will prevent summary judgment from being granted. Immaterial or minor facts will not prevent summary judgment. *See Howard v. Gleason Corp.,* 901 F.2d 1154, 1159 (2d Cir.1990).

When reviewing the evidence on a motion for summary judgment, the court must "assess the record in the light most favorable to the non-movant and ... draw all reasonable inferences in its favor." *Weinstock v. Columbia Univ.,* 224 F.3d 33, 41 (2d Cir.2000)(quoting *Delaware & Hudson Ry. Co. v. Consolidated Rail Corp.,* 902 F.2d 174, 177 (2d Cir.1990)). However, the inferences drawn in favor of the nonmovant must be supported by the evidence. "[M]ere speculation and conjecture" is insufficient to defeat a motion for summary judgment. *Stern v. Trustees of Columbia University,* 131 F.3d 305, 315 (2d Cir.1997) (quoting *Western World Ins. Co. v. Stack Oil, Inc.,* 922 F.2d 118, 121 (2d. Cir.1990)). Moreover, the "mere existence of a scintilla of evidence in support of the [nonmovant's] position" will be insufficient; there must be evidence on which a jury could "reasonably find" for the nonmovant. *Anderson,* 477 U.S. at 252.

## II. DISCUSSION

### A. Third Count (Defendants City of Hartford and Chief Roberts)

### 1. City of Hartford and Chief Roberts (official capacity)

**\*2** By bringing suit against defendant Chief Roberts in his official capacity, the plaintiff brings suit against defendant City of Hartford. *See Brandon v. Holt,* 469 U.S. 464, 472 n. 21 (1985)("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."). Accordingly, the claims in the Third Count against defendant City of Hartford and defendant Chief Roberts in his official capacity are identical claims.

### a. Section 1983; Fourth and Fourteenth Amendments

"In [*Monell v. Department of Social Services,* 436 U.S. 658 (1978),] the Supreme Court ruled for the first time that municipalities were liable under § 1983 to be sued as 'persons' within the meaning of that statute, when the alleged unlawful action implemented or was executed pursuant to a governmental policy or custom." *Reynolds v. Giuliani,* 506 F.3d 183, 190 (2d Cir.2007). "A municipality and its supervisory officials may not be held liable in a § 1983 action for the conduct of a lower-echelon employee solely on the basis of respondeat superior. ... In order to establish the liability of such defendants in an action under § 1983 for unconstitutional acts by such employees, a plaintiff must show that the violation of his constitutional rights resulted from a municipal custom or policy." *Ricciuti v. N.Y.C. Transit Authority,* 941 F.2d 119, 122 (2d Cir.1991) (citation omitted).

"[U]nder the so-called 'failure to train' theory, the Supreme Court has held that the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact.... Only where a municipality's failure to train its employees in a relevant respect evidences a deliberate indifference to the rights of its inhabitants can such a shortcoming be properly thought of as a city policy or custom that is actionable under § 1983." *Jenkins v. City of New York,* 478 F.3d 76, 94 (2d Cir.2007)(internal quotation marks omitted; citation omitted).

The Second Circuit has identified three requirements that must be satisfied before a municipality's failure to train or supervise constitutes deliberate indifference:

First, the plaintiff must show that a policymaker knows 'to a moral certainty' that her employees will confront a given situation.... Second, the plaintiff must show that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation.... Finally, the plaintiff must show that the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights.... In addition, at the summary judgment stage, plaintiffs must 'identify a specific deficiency in the city's training program and establish that that deficiency is closely related to the ultimate injury, such that it actually caused the constitutional deprivation.'

Martinez v. City Of Hartford, Not Reported in F.Supp.2d (2011)

**\*3** *Id.* (internal quotation marks omitted; citations omitted). *See also Reynolds,* 506 F.3d at 191–92 (discussing failure to supervise *Monell* claim).

The plaintiff contends that defendant City of Hartford had in effect policies, practices and customs that were followed by the Officer Defendants and this resulted in violation of the plaintiff's constitutional rights. The plaintiff contends that defendant City of Hartford failed to properly screen, supervise, discipline, transfer, counsel, and/or otherwise control, and failed to properly train and supervise, its police officers. Defendant City of Hartford has produced evidence that its practice is that all police officers receive training according to a curriculum "required, approved and mandated by the State Police Officers Standards Training Council" (Memorandum of Law in Support of Motion for Summary Judgment (Doc. No. 42) p. 8), and that its practice is that all police officers attend required hours of job-related training and continuing education, including in the areas of lawful arrests, use of force and search and seizure, that is approved, certified and monitored by the State Police Officers Standards Training Council. Defendant City of Hartford has produced evidence that it has a policy of conducting background checks and screening all police officer candidates prior to employment, and that the policy was followed with respect to the Officer Defendants. Furthermore, defendant City of Hartford has produced evidence that it has a policy of investigating any complaint made against its police officers pursuant to a citizen complaint procedure, and that it conducted an investigation into the plaintiff's complaint.

The plaintiff does not dispute defendant City of Hartford's evidence as to its practices and policies. Rather, the plaintiff contends in substance that some of the Officer Defendants did not take refresher training courses close in time to the incident, and further contends that even if the Officer Defendants received such training, the training was inadequate. However, such contentions are not sufficient to create a genuine issue of material fact. *See e.g., Okin v. Village of Cornwall–On–Hudson Police Dept.,* 577 F.3d 415, 440–41 (2d Cir.2009)("The plaintiff must offer evidence to support the conclusion that the training program was inadequate, not '[t]hat a particular officer may be unsatisfactorily trained' or that 'an otherwise sound program has occasionally been negligently administered,' and that a 'hypothetically well-trained officer' would have avoided the constitutional violation."); *Seri v. Town of Newtown,* 573 F.Supp.2d 661, 666 (D.Conn.2008)("[A] plaintiff pursuing a section 1983 claim against a municipality must demonstrate that his or her constitutional injury resulted from the employee's execution of an unconstitutional official policy or practice."). In any event, the training logs relied upon by the plaintiff reflect that Officer Sposito, who the plaintiff claims was the officer who detained him, received training with respect to search and seizure on February 10, 2006, i.e., eight months before the incident.

**\*4** Accordingly, with respect to defendants City of Hartford and Chief Roberts in his official capacity, the plaintiff has not created a genuine issue of material fact as to whether his constitutional rights were violated as the result of any policy, custom or practice of defendant City of Hartford, and the motion is being granted as to that claim.

## b. Article First, §§ 7 and 9

Defendant City of Hartford argues that the plaintiff's claims pursuant to the Connecticut Constitution are not legally cognizable claims. In *Binette v. Sabo,* 244 Conn. 23 (1998), the Connecticut Supreme Court concluded that the Connecticut Constitution gives rise to a private cause of action for monetary damages stemming from alleged violations of Article First, §§ 7 and 9. Article First, §§ 7 and 9 are the provisions of the Connecticut Constitution under which the plaintiff brings this claim. Defendant City of Hartford misconstrues *ATC Partnership v. Town of Windham et al.,* 251 Conn. 597 (1999), and *Kelley Property Development, Inc. v. Lebanon,* 226 Conn. 314 (1993). In *Kelley,* the Connecticut Supreme Court declined to recognize a cause of action for alleged violation of substantive due process rights pursuant to Article First, § 8 in the context of intentional and arbitrary misuse of zoning authority to obstruct a real estate development project. The following language in *ATC Partnership* makes it clear that the Connecticut Supreme Court contemplated that claims such as those that the plaintiff makes here would be cognizable:

> Unlike the allegations in *Binette,* however, the allegations in the plaintiff's complaint do not assert that there was any physical confrontation between it and the police, or that the police, without a warrant, entered into a private home. The plaintiff's complaint does not purport to state any claim for an unconstitutional search and seizure under article first, §§ 7 and 9, of the state constitution.

*ATC Partnership,* 251 Conn. at 614–15.

However, for the reasons discussed above, the plaintiff has not created a genuine issue of material fact as to whether his constitutional rights were violated as the result of any policy, custom or practice of defendant City of Hartford, and the motion is being granted as to those claims.

**2. Chief Roberts (individual capacity)**

The plaintiff also brings suit against defendant Chief Roberts in his individual capacity in the causes of action in the Third Count. The plaintiff contends that defendant Chief Roberts was personally involved in reviewing the investigation of the plaintiff's citizen complaint, and therefore, was put on notice that Hartford police officers were engaging in unconstitutional conduct. However, defendant Chief Roberts had no direct involvement in the acts that form the basis for this lawsuit, nor does the plaintiff ever allege direct or personal involvement by him. Furthermore, because the plaintiff contends that defendant Chief Roberts was put on notice by the plaintiff's citizen complaint, which was obviously filed after the acts that form the basis for this lawsuit occurred took place, the plaintiff can not establish the requisite casual connection. *See e.g., Al–Jundi v. Estate of Rockefeller,* 885 F.2d 1060, 1066 (2d Cir.1989)("[A] supervisory official may be personally liable if he or she has actual or constructive notice of unconstitutional practices and demonstrates 'gross negligence' or 'deliberate indifference' by failing to act." (internal quotation marks omitted.)) *See also Vann v. City of New York,* 72 F.3d 1040, 1049 (2d Cir.1995)("An obvious need may be demonstrated through proof of repeated complaints of civil rights violations; deliberate indifference may be inferred if the complaints are followed by no meaningful attempt on the part of the municipality to investigate or to forestall further incidents.").

**\*5** Accordingly, the plaintiff has not created a genuine issue of material fact as to whether defendant Chief Roberts in his individual capacity violated the plaintiff's constitutional rights, and the motion is being granted as to those claims.

**B. Fourth Count (Defendant City of Hartford)**

**1. Conn. Gen.Stat. § 52–557n**

The plaintiff claims that defendant City of Hartford is directly liable for the negligence of it's municipal employees pursuant to Conn. Gen.Stat. § 52–557n. Section 52–557n(a)(2)(B) provides that defendant City of Hartford is not liable for "negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law." The Connecticut Supreme Court has concluded that the identifiable person, imminent harm common-law exception applies to an action brought directly against the municipality pursuant to § 52–557n. *See Grady v. Town of Somers,* 294 Conn. 324, 350 (2009)(finding that under the particular circumstances "[the plaintiff] can prevail only by satisfying the sole relevant exception to discretionary act immunity under § 52–557n(a)(2)(B), namely, the identifiable person, imminent harm exception ... [which] applies when the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm." (internal quotation mark omitted)).

Genuine issues of material fact exist with respect to at least some of the Officer Defendants as to whether this exception to immunity for discretionary functions applies. Therefore, the motion is being denied as to this claim.

**2. Conn. Gen.Stat. § 7–465**

The plaintiff claims that defendant City of Hartford is liable pursuant to Conn. Gen.Stat. § 7–465(a) to indemnify it's municipal employees for their negligence. Defendant City of Hartford's liability hinges on whether any of the Officer Defendants are liable to the plaintiff as the result of their negligence. *See Grady,* 294 Conn. at 337("Municipal liability via an indemnification theory under § 7–465(a) requires, however, that the plaintiff allege in a separate count and prove the employee's duty to the individual injured and the breach thereof. Only then may the plaintiff go on to allege and prove the town's liability by indemnification." (internal quotation marks omitted)). One or more of the Officer Defendants may be liable to the plaintiff on the negligence claim brought against them in the Second Count. Therefore, the motion is being denied as to this claim.

Martinez v. City Of Hartford, Not Reported in F.Supp.2d (2011)

## III. CONCLUSION

For the reasons set forth above, Defendants City of Hartford and Daryl K. Roberts' Motion for Summary Judgment (Doc. No. 42) is hereby GRANTED in part and DENIED in part. The motion is being granted with respect to the Third Count, and denied with respect to the Fourth Count.

It is so ordered.

Footnotes

1      The First Count and Second Count set forth federal and state law claims against Hartford police officers Detective William Rivera, Officer Theodore Sposito, Officer Christopher Jennings, Officer Luis Ruiz and Officer Holly Donahue (collectively referred to herein as the "Officer Defendants"), who have filed a separate motion for summary judgment.

2      The parties do not discuss the claim in the Third Count pursuant to Article First, § 8 of the Connecticut Constitution. The inclusion in the Complaint (Doc. No. 1) of the reference to Article First, § 8 appears to be a typographical error.

End of Document                                                                    © 2012 Thomson Reuters. No claim to original U.S. Government Works.